UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,            CR 95-456-HA; CV 05-830-HA
                                        CR 96-405-HA; CV 05-381-HA

                                          ORDER

LARRY JOHN KELLY,

    Defendant/Petitioner.

HAGGERTY, Chief Judge:

    Defendant brings this *pro se* Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (CR 95-456, Doc. #78). He asserts that his right to a jury trial was violated because the sentence imposed depended upon facts to which he did not admit and were not

1 - ORDER

proven to a jury. He also asserts that he received ineffective assistance of counsel because his attorney failed to object to sentencing errors during the sentencing hearing and on direct appeal. For the following reasons, this motion is denied.

**RELEVANT FACTUAL BACKGROUND**

On November 4, 1996, defendant pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). *See* CR 95-456-HA. He also waived indictment and venue and entered pleas of guilty to an information charging him with one count of armed bank robbery and one count of unarmed bank robbery in a separate case. *See* CR 96-405-HA.

On April 21, 1997, a sentencing hearing in both cases was held. The court found that the pre-sentence report properly designated defendant as a career offender under the sentencing guidelines. The court granted defendant a three-level reduction for acceptance of responsibility, and imposed a 235-term of imprisonment on each count followed by a three-year term of supervised release. The court also ordered defendant to pay a total of $7,100 in restitution.

Judgments in both cases were entered on April 23, 1997. Despite waiving his right to appeal in the plea agreement, defendant filed direct appeals in both cases challenging his classification as a career offender. The Ninth Circuit enforced the waiver and dismissed both appeals. *See U.S. v. Kelly*, CA 97-30141 (Nov. 21, 1997), Govt.'s Resp. to Def.'s § 2255 Mot., Ex. A.

**ANALYSIS**

Section 2255 imposes a one year statute of limitations that runs from either: (1) the date on which the judgment becomes final; (2) the date on which an unlawful government-

created impediment to filing the motion has been removed; (3) the date on which the asserted right was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim presented should have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Here, the judgment of conviction became final no later than February 20, 1998, upon the expiration of filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). Defendant makes no argument that there was an unlawful or unconstitutional impediment to filing the motion earlier, or any newly discovered evidence that was unknown to him at the time of sentencing. Rather, defendant argues that the Supreme Court's recent decisions in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker/Fanfan*, 125 S.Ct. 738 (2005), recognized new rights that should be extended to him.

In *Blakely*, the Supreme Court addressed the question of whether Washington State's sentencing guidelines – modeled after the federal sentencing guidelines – violated the Sixth Amendment's guarantee of trial by jury in criminal cases because the guidelines allowed judges, rather than juries, to make certain findings of fact that increased an offender's sentence. *See generally*, 124 S.Ct. 2531.

*Blakely* reiterated the rule first announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely*, the Court held that the relevant "statutory maximum" for *Apprendi* purposes is

generally the sentencing guideline maximum.  124 S.Ct. at 2537.  Accordingly, the Court held that Washington State's guidelines were unconstitutional because "a judge may impose [a sentence] *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Id.* (emphasis in original).  In other words, judicial factfinding cannot form any part of the basis for the imposition of a criminal sentence within a mandatory sentencing guidelines system.

This interpretation of *Apprendi* announced a new rule that was neither compelled by existing precedent nor apparent to all reasonable jurists.  *Morris v. United States*, 333 F. Supp. 2d 759, 770 (C.D. Ill. 2004).  "In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum."  *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) (citations omitted); *see also United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004).

More recently, in *Booker*, the Court reaffirmed its holding in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.Ct. at 756.  In its second holding, the Court held that the federal sentencing guidelines need not be discarded entirely and are now advisory.  *Id.* at 757.  Thus, the only laws constraining the sentence a judge may impose are the laws setting down statutory maximums and minimums for a particular offense.

However, neither *Blakely* nor *Booker* assist defendant because the rules they pronounce do not apply retroactively, and it is undisputed that defendant's sentence became final before *Blakely* or *Booker* were decided.  *See id.* at 745 (the Court's holding is to be

applied only to cases on direct review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) (recognizing that *Booker* does not apply retroactively to § 2255 motions where the judgment was final as of January 12, 2005, the date *Booker* issued); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 968 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Because defendant's sentence was not illegal at the time it was imposed and because neither *Blakely* nor *Booker* applies retroactively, defendant's sentence is constitutional, and his § 2255 motion is barred by the statute of limitations.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Vacate or Correct Sentence (CR 96-405, Doc. #17) is DENIED. Defendant's Motion to Appoint Counsel (Doc. #20) is denied as moot.

IT IS SO ORDERED.

DATED this __21__ day of July, 2005.

_____/s/ Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge